# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| BILLY D. MORRISON,              )<br>                                              )<br>           Plaintiff,            )<br>  v.                                       )<br>                                              )<br>JOHN VANDERMOSTEN, KIM )<br>OLZEWSKI, TROY ERVIN, A.    )<br>WATKINS, G. WATT, SAMANTHA )<br>YATES, and MELINDA McELHANNON, )<br>In their Individual and Official capacities, )<br>                                              )<br>           Defendants.           )<br>_____ ) | Civil Action No.: 4:19-cv-01926-JMC<br><br><br>**ORDER AND OPINION** |

  Plaintiff Billy D. Morrison, proceeding *pro se*,[1] filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while a pretrial detainee at Greenville County Detention Center ("GCDC"). (ECF No. 1.) This matter is before the court on the above-captioned Defendants' Motion for Summary Judgment. (ECF No. 68.)

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On March 19, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 82) in which he recommended the court grant Defendants' Motion for Summary Judgment but allow Plaintiff to file a second amended complaint as to Plaintiff's claim for denial of access to the courts. Plaintiff filed objections to the Report, which are presently before the court (ECF No. 84), and Defendants

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

responded to Plaintiff's objections (ECF No. 88). Despite the passage of over ninety (90) days since the filing of the Magistrate Judge's Report, Plaintiff has not filed a second amended complaint as allowed by the Magistrate Judge. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' Motion for Summary Judgment.

## I.    RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff alleges that, while he was a pretrial detainee at GCDC, Defendants violated his constitutional rights by committing medical malpractice and acting with deliberate indifference. (*See* ECF Nos. 1 at 8; 43 at 6.) Specifically, Plaintiff alleges that on December 29, 2017, he had a reaction to some medication and fell off the top bunk bed, which resulted in a spinal cord injury. (ECF No. 1 at 6.) He alleges that prior to the fall, despite medical orders and pleas, he was ordered to move to a top bunk bed. (*Id.*) Plaintiff also alleges that he was repeatedly prescribed medication for his mental health without being seen in person, and the medication played a role in his injury. (*Id.*) He further alleges that despite medical orders and "better medical judgment," his cane pass was revoked. (ECF No. 43 at 8.) He asserts that it was later reinstated but "the damage was done." (*Id.*) Although Plaintiff alleged in his Amended Complaint that he was ordered to sleep on a top bunk against medical orders, he concedes in his response to Defendants' motion that he chose to sleep on the top bunk rather than sleep on the stack-a-bunk bed he was given. (ECF No. 82 at 7.) In his response, Plaintiff appears to argue that requiring him to sleep on a stack-a-bunk bed near the shower and toilet violated his constitutional rights because it would expose him to human waste and bodily fluids. (*Id.*)

Plaintiff filed his Amended Complaint on May 26, 2020 (ECF No. 43), specifying his

2

allegations as to each defendant. Defendants filed their Motion for Summary Judgment (ECF No. 68) and Memorandum in Support (ECF No. 68-1) on September 30, 2020.  Plaintiff filed a response on November 2, 2020.  (ECF No. 77.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." *Id.*

## III.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252.  The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

IV.     ANALYSIS

A.     The Report and Recommendation

In the Report, the Magistrate Judge suggested summary judgment is appropriate "because Plaintiff fails to present sufficient evidence to create an issue of fact as to whether any of his constitutional rights were violated."  (ECF No. 82 at 6.)  The Magistrate Judge explained that because "Plaintiff was a pretrial detainee during the time period set forth in the Complaint, his claims are evaluated under the due process clause of the Fourteenth Amendment, rather than the

4

Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes." (*Id.* at 7 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).)  As the Magistrate Judge outlined, to challenge the conditions of his confinement, Plaintiff "must show, '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" (*Id.* (citing *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted)).)  "The subjective prong of a deliberate indifference claim requires the plaintiff to allege that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his or her person." (*Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).) "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." (*Id.* (citing *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).)

First, the Magistrate Judge explained that, although the Amended Complaint alleged Plaintiff was "ordered to sleep on a top bunk against medical orders," Plaintiff "concedes in his response to Defendants' motion that he chose to sleep on the top bunk rather than sleep on the stack[-]a[-]bunk he was given." (*Id.* at 7.)  Although Plaintiff argues that requiring him to sleep on a stack-a-bunk near the shower and toilet violated his rights because it would it expose him to human waste and bodily fluids, the Magistrate Judge found that the "facts in the record fail to support a conditions of confinement claim concerning the placement of the stack-a-bunk bed in the cell." (*Id.* at 8–9 (citing *Canterbury v. W. Reg'l Jail Auth.*, No. 3:18-CV-01440, 2019 WL 6545328, at *12 (S.D.W. Va. Nov. 7, 2019), report and recommendation adopted, No. CV 3:18-1440, 2019 WL 6598349 (S.D.W. Va. Dec. 4, 2019) (finding no violation where the plaintiff did not come into direct physical contact with human waste for an extended period of time, or that human waste contacted or contaminated his food); *Harris v. FNU Connolly*, No. 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C. Feb. 18, 2016), *aff'd*, 667 F. App'x 408 (4th Cir. 2016)

5

(holding that unsanitary cell conditions, including the presence of feces, urine, and vomit was less than ideal, but "[s]hort-term sanitation problems, while unpleasant, do not amount to constitutional violations") (citation omitted)).)

Second, the Magistrate Judge further found that Plaintiff failed to show that Defendants were deliberately indifferent to his medical needs. (*Id.* at 11.) As the Magistrate Judge explained, Plaintiff's disagreement with the manner of medical treatment provided does not give rise to a Section 1983 claim. (*Id.* at 10–11 (citing *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (holding that deliberate indifference standard "requires much more" than taking issue with the "amount and kind of medical care" an inmate received); *Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006) (finding that a prison doctor who prescribed non-surgical means of treating an inmate's hernia was not deliberately indifferent to the inmate's medical needs where the doctor formed a professional opinion, other doctors agreed, and the inmate continued to have associated abdominal pain); *Faison v. Rosado*, 129 F. App'x 490, 492 (11th Cir. 2005)).)

Third, the Magistrate Judge found that there is no evidence in the record that Plaintiff suffered "any injuries as a result of his inability to use a cane, much less a constitutional injury." (ECF No. 82 at 12.) Thus, the Magistrate Judge found Plaintiff fails to create an issue of fact at to whether his constitutional rights were violated when his cane was taken. (*Id.*)

The Magistrate Judge concluded that Plaintiff fails to present evidence to withstand summary judgment on any of the causes of action raised. (*Id.* at 12.) However, the Magistrate Judge stated he would allow Plaintiff to file a second amended complaint "**ONLY** as to the single claim of denial of access to courts as identified in his motion to amend the amended complaint." (*Id.* (emphasis original).)

6

B.     Plaintiff's Objections

Although Plaintiff broadly objects to granting Defendants' Motion for Summary Judgment, he does not provide arguments responding to the specific findings of the Magistrate Judge. Instead, Plaintiff asserts bad faith conduct by the courts and Defendants, and asserts the court denied his requests for assistance with an investigator and attorney. (ECF No. 84 at 1.) Plaintiff goes on to discuss issues regarding the issuance and service of the summons and introduces new claims without additional facts. (Id. at 2–3.) Plaintiff concludes by objecting generally to the findings of the Magistrate Judge, stating "The full claim given by Judge Thomas E Rogers III that their (sic) was no constitutional violations is false, and Plaintiff ask (sic) the Court to reconsider this order Plaintiff objection (sic) to judgment, and prays the Court allow this case to alter/amend judgment." (*Id.* at 4.)

C.     The Court's Review

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court finds Plaintiff has only offered a general objection to the recommendation of the Magistrate Judge that summary judgment be granted without any additional argument or reasoning. As the Magistrate Judge properly considered and addressed each of Plaintiff's claims, the court adopts the recommendations in the Report. The court notes the Magistrate Judge allowed

7

Plaintiff additional time to file a second amended complaint regarding his claim for denial of access to the courts, but Plaintiff has not done so.

## V.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' Motion for Summary Judgment.    (ECF No. 68.)     The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 82) and **DISMISSES** this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 9, 2021
Columbia, South Carolina